ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL'S OPINION CONCERNING WHETHER A BOAT MECHANIC, EMPLOYED BY THE LAKE PATROL DIVISION OF THE DEPARTMENT OF PUBLIC SAFETY, IS PERMITTED TO BE A MEMBER OF THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM.
IT IS A LONG-STANDING POLICY OF THIS OFFICE THAT THE ATTORNEY GENERAL WILL NOT ISSUE A FORMAL OPINION ON A MATTER WHICH IS THE SUBJECT OF PENDING ADMINISTRATIVE LITIGATION OR REVIEW. BECAUSE THE MATTER IS CURRENTLY BEFORE YOUR BOARD ON AN ADMINISTRATIVE APPEAL, THE ATTORNEY GENERAL IS UNABLE TO ISSUE A FORMAL OPINION ON THE SUBJECT. AS YOUR LIAISON ATTORNEY, I WILL RESPOND TO YOUR QUESTION BY INFORMING YOU OF MY LEGAL OPINION ON THE MATTER.
YOUR REQUEST LETTER INDICATES THAT THE CONSISTENT ADMINISTRATIVE CONSTRUCTION TAKEN BY THE BOARD HAS BEEN TO PERMIT ONLY COMMISSIONED OFFICERS OF THE LAKE PATROL DIVISION TO BECOME MEMBERS OF THE OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM ("OLERS"). I UNDERSTAND THE RATIONALE HAS BEEN THAT THE SYSTEM OFFERS A TWENTY (20) YEAR RETIREMENT PLAN AND THAT THE SYSTEM SEEKS TO PROVIDE ITS BENEFITS TO THOSE ENGAGED IN THE ARDUOUS TASK OF LAW ENFORCEMENT. ALTHOUGH AN AGENCY'S CONSISTENT INTERPRETATION OF A STATUTE IS NOT LEGALLY BINDING, COURTS TYPICALLY CONSIDER SUCH ADMINISTRATIVE CONSTRUCTION TO BE PERSUASIVE. HOOVER V. BRACKEN ENERGIES INC. V. U.S. DE T. OF INTERIOR, 723 F.2D 1488, (10TH CIR. 1983), CERT. DENIED, 105 S.CT. 93; CLINKENBEARD V. FRAZIER, 582 P.2D 413 (OKL.APP.1978).
IT IS MY OPINION THAT THE ADMINISTRATIVE CONSTRUCTION GIVEN BY THE BOARD IS SUPPORTED BY THE APPLICABLE STATUTES. BECAUSE ALL PROVISIONS OF A STATUTE SHOULD BE GIVEN EFFECT, IT IS IMPORTANT TO REVIEW THE ENTIRE STATUTORY SCHEME TO DETERMINE LEGISLATIVE INTENT. C C TILE AND CARPET CO.. INC. V. ADAY, 697 P.2D 175 (OKL.APP. 1985). ALL LAW ENFORCEMENT OFFICERS EMPLOYED BY THE OKLAHOMA HIGHWAY PATROL, THE OKLAHOMA STATE BUREAU OF INVESTIGATION, THE OKLAHOMA STATE BUREAU OF NARCOTICS AND DANGEROUS DRUGS CONTROL AND THE OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, WHOSE JOB RESPONSIBILITIES INCLUDE THE INVESTIGATION AND PREVENTION OF CRIME IN THE ENFORCEMENT OF THE CRIMINAL LAWS OF THIS STATE, ARE CONSIDERED MEMBERS OF OLERS. PERSONNEL FROM OTHER AGENCIES WHO ARE ALSO DEFINED AS MEMBERS OF OLERS ARE MEMBERS OF THE COMMUNICATIONS DIVISIONS AND LAKE PATROL DIVISION OF THE OKLAHOMA DEPARTMENT OF PUBLIC SAFETY, PARK RANGERS EMPLOYED BY THE OKLAHOMA TOURISM AND RECREATION DEPARTMENT, AND INSPECTORS EMPLOYED BY THE OKLAHOMA STATE PHARMACY BOARD. 47 O.S. 2-300(5) (1989). REGARDING THE AGENCIES THAT ARE FIRST MENTIONED IN THE ABOVE-CITED DEFINING SECTION, IT IS CLEAR THAT ONLY THE LAW ENFORCEMENT OFFICERS EMPLOYED BY THESE VARIOUS AGENCIES ARE CONSIDERED MEMBERS OF OLERS. SUPPORT STAFF OR NON-COMMISSIONED OFFICERS OF THESE AGENCIES ARE NOT MEMBERS OF OLERS.
A REVIEW OF THE MOST RECENT ADDITIONS TO THE ACT MAKE THE LEGISLATIVE INTENT EVEN MORE DEFINITE. 47 O.S. 2-309.4 OF THE ACT PROVIDES FOR A TRANSFER TO THE OLERS' SYSTEM OF PARK RANGERS OF THE OKLAHOMA TOURISM AND RECREATION DEPARTMENT. ONLY PAR RANGERS WHO ARE CERTIFIED PEACE OFFICERS PURSUANT TO THE PROVISIONS OF TITLE 70 O.S. 3311, ARE PERMITTED TO JOIN THE SYSTEM. SECTION 47 O.S. 2-309.5 ALSO PROVIDES FOR A TRANSFER OF PHARMACY BOARD INSPECTORS WHO ARE ALSO CLEET CERTIFIED PEACE OFFICERS.
SINCE THE OVERALL STATUTORY INTENT OF THE OLERS' ACT APPEARS TO BE TO PERMIT AND INCLUDE ONLY EMPLOYEES OF THE MENTIONED STATE AGENCIES WHO ARE LAW ENFORCEMENT OFFICERS OR CLEET CERTIFIED OFFICERS, WHY DOES THE DEFINING SECTION 47 O.S. 2-300(5) ALSO INCLUDE MEMBERS" OF THE WATERWAYS PATROL DIVISION OF THE OKLAHOMA DEPARTMENT OF PUBLIC SAFETY? THE USE OF THE WORD MEMBERS IN THE SECTION APPEARS TO BE A MORE GENERIC TERM WHICH DOES NOT RESTRICT EMPLOYEES OF THE WATERWAYS PATROL DIVISION TO THOSE WHO ARE LAW ENFORCEMENT OR CLEET CERTIFIED OFFICERS. INDEED, COUNSEL FOR MR. DANCER AND MR. CROASDALE RELIES UPON 47 O.S. 2-309.2 (1981) AS ITS AUTHORITY FOR THE POSITION THAT ALL EMPLOYEES OF THE WATERWAYS DIVISION ARE TO BE INCLUDED IN OLERS. (47 O.S. 2-309.2 PROVIDES FOR A TRANSFER OF EMPLOYEES OF THE WATERWAYS PATROL DIVISION OF THE DEPARTMENT OF PUBLIC SAFETY TO OLERS.)
IN 1981, THE ONLY MEMBERS OR EMPLOYEES OF THE WATERWAYS PATROL DIVISION WERE SWORN AND/OR CERTIFIED PEACE OFFICERS. MEMBERS OF THE DIVISION WERE AUTHORIZED TO CARRY FIREARMS AND PERFORM THE DUTIES OF INVESTIGATION AND THE PREVENTION OF CRIME AND THE ENFORCEMENT OF THE CRIMINAL LAWS OF THE STATE OF OKLAHOMA. IN SEEKING TO DETERMINE LEGISLATIVE INTENT IT IS ALWAYS APPROPRIATE TO REVIEW THE HISTORY OF THE LEGISLATION. LEKAN V. P AND L FIRE AND PROTECTION CO., 609 P.2D 1289 (OKLA. 1980.) THE CLEAR LEGISLATIVE INTENT IN 1981, WAS FOR MEMBERS OF THE OLERS' SYSTEM TO BE EITHER LAW ENFORCEMENT OFFICERS OR SWORN/CERTIFIED PEACE OFFICERS. AS RECENTLY AS 1985, THIS LEGISLATIVE INTENT WAS REAFFIRMED IN THE PASSAGE OF 47 O.S. 2-309.4 AND 2-309.5. THESE SECTIONS PERMIT ONLY CLEET CERTIFIED PARK RANGERS AND PHARMACY BOARD INSPECTORS TO BECOME MEMBERS OF OLERS. IN 1988, AN ADMINISTRATIVE DECISION WAS MADE WITHIN THE DEPARTMENT OF PUBLIC SAFETY THAT CERTAIN EMPLOYEES OF THE LAKE PATROL DIVISION NEED NOT BE CERTIFIED PEACE OFFICERS. THE DECISION WAS MADE THAT BOAT MECHANICS COULD BE HIRED AS EMPLOYEES OF THE LAKE PATROL DIVISION WHO WERE NOT CLEET CERTIFIED. THIS RECENT EMPLOYMENT DECISION TO HIRE NON-CERTIFIED BOAT MECHANICS DID NOT ALTER THE OVERALL LEGISLATIVE INTENT OF THE OLERS' ACT.
(RACHEL LAWRENCE-MOR)